UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
AIRTOURIST HOLDINGS, LLC, et al.,  :
                                  Petitioners,  :
                                            :
                   -against-  :

CITIBANK, N.A. and CHARLES MOBUS,  :

                                  Respondents.  :
------------------------------------------------------------------- :
AIRTOURIST HOLDINGS, LLC, et al.,  :

                                  Petitioners,  :

                   -against-  :

JP MORGAN CHASE NA,  :

                                  Respondent.  :
------------------------------------------------------------------- :
AIRTOURIST HOLDINGS, LLC, et al.,  :

                                  Petitioners,  :

                   -against-  :

HSBC BANK USA, N.A.,  :

                                  Respondent.  :
------------------------------------------------------------------- X

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

21 Civ. 7875 (AKH)

21 Civ. 7914 (AKH)

21 Civ. 8097 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Before me are three actions in which Petitioners—stockholders and former officers of a company known as Travana, Inc.—sought turnover orders of certain funds held by the respondent banks and belonging to judgment debtors. The judgment debtors relevant here are Charles Mobus ("Mobus") and Tan Xiangdong ("Tan"). On November 17, 2022 I held a

hearing at which only Petitioners and Mobus appeared. None of the respondent banks appeared, nor did judgment debtor Tan Xiangdong. At the hearing, I granted Petitioners' requests for turnover orders and denied the requests for attorneys' fees incurred in enforcing the underlying judgment. Petitioners then moved for reconsideration of my denial of their requests for attorneys' fees. For the reasons that follow, the motions for reconsideration are denied.

## BACKGROUND

Petitioners are AirTourist Holdings, Jason Chen, and Edgar Park, all stockholders or former officers of Travana, Inc. Petitioners won judgment against individuals and entities including HNA Group, Charles Mobus, Xiangdong Tan, and others in arbitration proceedings and an award issued on January 18, 2021 (the "Arbitration Award"). Although the Arbitration Award was first confirmed in the Northern District of California in a judgment on June 1, 2021, the court twice amended the initial judgment and issued the Second Amended Judgment (the "Judgment") on July 26, 2021. On June 4, 2021, Charles Mobus made a capital contribution of $250,000 to Benedetto Gartland & Co., Inc ("Benedetto"), a company he wholly owns, as set forth in a Contribution Agreement.

In September, Petitioners instituted three actions seeking turnover of funds held in three different banks: Mobus' funds in Citibank (21 Civ. 7875), Tan's funds in JP Morgan Chase (21 Civ. 7914), and Tan's funds in HSBC (21 Civ. 7914). On November 8, 2021, Petitioners requested the issuance of an order to show cause why Citibank bank should not be required to turnover the funds in its possession. Petitioners sought emergency relief for two reasons: (1) Petitioners believed Mobus had fraudulently transferred funds out of his accounts and were concerned some funds would not be reachable; and (2) Xiangdong Tan had recently been arrested and detained in China for purported criminal activity and Petitioners were concerned he may attempt to relocate his assets. On November 9, 2021, I considered and issued the order to show cause with respect to Mobus's funds held at Citibank. On November 10, 2021, Petitioners

submitted similar requests and proposed orders with respect to Tan's funds held at JP Morgan Chase and HSBC. I considered and issued those orders the same day.

On November 17, 2021 I held a hearing to assess Petitioners' requests for relief. Specifically, Petitioners sought orders requiring the banks to turnover certain funds and granting Petitioners attorneys' fees incurred in enforcing the Judgment. At the hearing, counsel for Mobus made an appearance to oppose the motion concerning him, but neither Tan nor any of the banks did the same. I granted Petitioners' turnover applications, instructed Mobus to intervene, and denied Petitioners' attorneys' fees applications. In ruling on the applications for attorneys fees, I considered Petitioners' briefs filed in support for their motions for show cause orders. I concluded that neither the Arbitral Award nor the Judgment compelled awarding attorneys' fees and that Petitioners had not shown that Mobus or Tan acted in bad faith. Subsequently, Petitioners moved for reconsideration in all three cases. Mobus filed an opposition in 21 Civ. 7875 but Tan, who has still not made an appearance, did not do so.

## DISCUSSION

In the original briefing, Petitioners primarily argued that the arbitral award contemplated awarding fees and that Mobus demonstrated bad faith by refusing to satisfy the judgment and by taking steps to avoid satisfying it, such as making a transfer of assets to Benedetto. As against Tan, Petitioners simply argued that Tan's failure to satisfy the Judgment as of November 2021 was sufficient to award fees. At the November 17, 2021 proceeding, Petitioners relied on the arbitral award as the basis for the entitlement to fees.

Now, Petitioners urge me to reconsider because I purportedly overlooked (1) the alleged disobedience of the California court's order entering judgment as a basis for awarding fees, (2) the possibility that the failure of Mobus and Tan to take steps to satisfy the Judgment could constitute willful disregard of a court order, and (3) the "bad faith" conduct of Mobus and

3

Tan. In reality, Petitioner's arguments for reconsideration boil down to the same arguments I previously considered and rejected.

## I. Standard for a Motion to Reconsider

The standard for granting a motion to reconsider is strict, and such motions will generally be denied. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). In this district, "[m]otions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3." *Sullivan v. City of New York*, 2015 WL 5025296, at *3 (S.D.N.Y. Aug. 25, 2015), *aff'd*, 690 F. App'x 63 (2d Cir. 2017). Additionally, under Rule 60(b)(1) of the Federal Rules of Civil Procedure, a court grant relief from an order when there has been "a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008).

"A motion for reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F.Supp.2d 678, 695 (S.D.N.Y. 2011) (quoting *In re Initial Pub. Offering Sec. Litig.*, 399 F.Supp.2d 298, 300 (S.D.N.Y. 2005)). "[M]otions for reconsideration are not granted unless 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## II. Petitioners Have Not Identified Any New Facts or Controlling Law

"A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Petitioners have failed to do so here.

In their briefs, Petitioners simply identify the same arguments they raised in their briefs in support of the Proposed Order to Show Cause. *See, e.g.*, 21 Civ. 7875 ECF Nos. 9, 18.

4

Petitioners have shown no additional facts that warrant reconsideration. Likewise, Petitioners point to no change of controlling law and identify no legal authority significantly different from the authority relied on in their initial briefs. With respect to Tan, Petitioners never advanced an argument that he acted in bad faith, and their attempt to do so now is outside the scope of a proper motion to reconsider. *See Devi v. Silva*, 861 F.Supp.2d 135, 143 (S.D.N.Y. 2012) (party not permitted to raise new argument in motion to reconsider). Even so, Petitioners now argue that I "overlooked the factual evidence demonstrating [Mobus' and Tan's] willful disregard of the Judgment which warrants reconsideration." 21 Civ. 7875 Op. Br. at 1; 21 Civ. 7914 Op. Br. at 1. However, I fully considered the facts set forth in the declarations and briefs Petitioners filed in each case; my orders granting the motions for orders to show cause so stated. *See* 21 Civ. 7875 Order to Show Cause, ECF No. 12; 21 Civ. 7914, ECF No. 18; 21 Civ. 8097, ECF No. 17.

At the hearing on November 17, 2021 I simply elected to "exercise caution in invoking [my] inherent power" and in my "informed discretion" declined to find Mobus or Tan had acted in bad faith or exhibited willful noncompliance with a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *see Glob. Reinsurance Corp. of America v. Century Indem. Co.*, 2015 WL 1782206, at *1 (S.D.N.Y. Apr. 15, 2015) ("The decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'") (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir.2009)). My conclusion that "there is no bad faith here" was broad enough to apply to Mobus' and Tan's purported noncompliance with a court order of the Norther District of California. While Petitioners may wish that I had come to a different conclusion, that is insufficient to grant a motion to reconsider. *See Analytical Surveys*, 684 F.3d at 52 (motion for reconsideration is not a vehicle for relitigating previously decided issues or "taking a second bite at the apple"). Accordingly, the motions to reconsider are denied.

## III. Petitioners' Merits Arguments Do Not Warrant Granting Attorneys' Fees

As discussed, sufficient cause exists to deny Petitioners' motions for reconsideration without reaching the merits of their arguments. Even if I did consider the merits, the outcome would be the same. *See Century Indem. Co.*, 2015 WL 1782206, at *2 (considering and rejecting merits argument as alternative basis to deny motion for reconsideration).

### A. Standard for Attorneys' Fees

In general, "each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013). However, a court can exercise its inherent power to award fees if a party has acted in bad faith or exhibited willful disobedience of a court order. *See NASCO*, 501 U.S. at 45; *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991). Even so, there is a "high bar to fee shifting through a court's inherent powers." *Lation v. Fetner Properties, Inc.*, 2019 WL 1614691, at *2 (S.D.N.Y. Apr. 16, 2019); *Int'l Bhd. of Teamsters*, 948 F.2d at 1345.

### B. Petitioners Did Not Demonstrate Bad Faith or Willful Non-Compliance with a Court Order

To begin, neither the underlying arbitral award nor the Judgment say anything about awarding attorneys' fees in connection with enforcing the Judgment. The Judgment held Mobus, Tan, and their co-defendants liable for certain amounts and assessed interest, a fact I noted at the hearing. *See* Hearing Tr. at 11:2–18. However, it did not direct payment in a specified way or on a specific schedule, nor did it direct any of the defendants to take any particular action. Even if I had looked to the Arbitration Award, as Petitioners urged in their initial briefing and at the hearing, there would still have been no basis to award fees. The Arbitration Award simply quoted the arbitral agreement, which provided that the prevailing party

6

in the arbitration could be entitled to fees. *See* Arbitration Award, ECF No. 3-1, ¶ 11. Moreover, the arbitral tribunal expressly found that "when [Petitioners] have succeeded with such a tiny percentage of their damages claims, the Tribunal concludes that they also cannot be deemed the prevailing party. The Tribunal believes it is best to leave the costs where they fall." *Id.* ¶ 532. The tribunal ultimately concluded that it would "make no order as to the costs of the Claimants' claims." *Id.* ¶ 537; *see also id.* ¶ 538-O.

Given that the Arbitration Award made no award of fees and the Judgment did not take effect until July 26, 2021, I decline to find that either Mobus' conduct or Tan's conduct amounted to willful noncompliance with a court order. That conclusion is further supported by the fact that Tan never opposed Petitioners' motions before me and that Mobus did not oppose turnover of non-exempt funds, such as those in his checking account.

With respect to Mobus, Petitioners primarily argue that Mobus' transfer of $250,000 to Benedetto was a fraudulent transaction designed to evade Judgment, which is evidence of his bad faith. In particular, Petitioners argue that the contribution to Benedetto was fraudulent because Mobus received inadequate consideration in exchange, there was a close relationship between Mobus and Benedetto, and the timing of the transaction was suspicious. While those factors are relevant to assessing whether a transaction was a fraudulent conveyance, *see Silverman Partners LP v. Verox Grp.*, 2010 WL 2899438, at *6 (S.D.N.Y. July 19, 2010); N.Y. Debt. & Cred. Law § 273(b) (McKinney 2021), the evidence before me is insufficient for Petitioners to demonstrate the transaction was in fact fraudulent. The transaction was made pursuant to a written agreement that detailed six purposes for the capital contribution. *See* Contribution Agreement, 21 Civ. 7875 ECF No. 9-3, at 1. Additionally, Mobus maintains that the transaction was under negotiation prior to entry of judgment and that the capital contribution was necessary to continue operating the business that represents his principal source of income. Although parties like the Petitioners may rely on "badges of fraud" to infer the existence of fraud

7

at the pleading stage, *A.J. Heel Stone, L.L.C. v. Evisu Intern., S.R.L.*, 2006 WL 1458292, at *3 (S.D.N.Y. May 25, 2006), obtaining relief requires Petitioners to establish fraud with a higher degree of certainty. Petitioners have not done so here.

With respect to Tan, Petitioners originally argued only that the arbitral award contemplated an award of fees and that "granting attorneys' fees tethered to judgment enforcement is routine for this Court." 21 Civ. 8097, ECF No. 16 at 6; 21 Civ. 7914, ECF No. 17 at 6. Petitioners also noted Tan had been arrested overseas recently and that he had failed to make efforts to satisfy the judgment but said little else as to why Tan was liable for attorneys' fees for enforcing the judgment against him. Likewise, Petitioners' briefing in support of reconsideration argues only that Tan's failure to pay the amount contemplated in the Arbitration Award and Judgment amounts to bad faith and willful noncompliance with a court order. Tan's non-payment of the Judgment is not a sufficient basis to make the turnover proceedings unlike ordinary litigation, in which each side bears its own costs. *See Int'l Bhd. of Teamsters*, 948 F.2d at 1345. That is particularly so given that Tan never opposed Petitioners' requests for me to issue turnover orders. In any case, the judgment against Tan was fully satisfied when I issued the turnover order in 21 Civ. 8097 and there is no need to award fees beyond that amount.

## CONCLUSION

For the foregoing reasons, Petitioners' motions for reconsideration are denied. Neither Tan nor Mobus is required to pay attorneys' fees in connections with Petitioners' efforts to enforce the Judgment. The Clerk shall terminate ECF No. 24 in 21 Civ. 7875; ECF No. 20 in 21 Civ. 7914; and ECF No. 20 in 21 Civ. 8097.

SO ORDERED.

Dated: June 2, 2022
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge